**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>LiveConnections.org d/b/a World Café Live,<br><br>    Debtor. | Chapter 11<br><br>Case No. 26-10973 (AMC) |
| In re:<br><br>Real Entertainment-Philadelphia, LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 26-10974 (AMC) |

**LIMITED OBJECTION TO CASH COLLATERAL MOTION
AND RESERVATION OF RIGHTS OF THE TRUSTEES OF THE
UNIVERSITY OF PENNSYLVANIA AND HAJOCA 3025, INC.**

The Trustees of the University of Pennsylvania (the "**University**") and Hajoca 3025, Inc. ("**Hajoca**", and together with the Trustees, the "**University Parties**"), by and through their undersigned counsel, hereby file this limited objection and reservation of rights (this "**Reservation of Rights**") with respect to the *Motion of the Debtors and Debtors-in-Possession for an Order Pursuant to 11 U.S.C. § 363 (I) Permitting Use of Cash Collateral and Providing Adequate Protection to Parties with an Interest in Cash Collateral, (II) Authorizing Payment of Prepetition Wages, (III) Providing for an Expedited Hearing, Reduced Notice Period and Limited Notice Pursuant to Federal Rule of Bankruptcy Procedure 9006(c)(1) and E.D.Pa. L.B.R. 5070(F) and for (IV) Related Relief* [D.I. 8] (the "**Cash Collateral Motion**")[1] and any proposed final order with

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Cash Collateral Motion.

1

respect thereto.  In support of this Reservation of Rights, the University Parties respectfully state as follows:

**BACKGROUND**

1.      The University is the fee simple owner of the parcel of land and building known as the Hajoca Building located at 3025 Walnut Street, Philadelphia, Pennsylvania, 19104 (the "**Property**").  Hajoca is a not-for-profit Pennsylvania corporation and a wholly owned subsidiary of the University.

2.      Pursuant to a Lease and Development Agreement dated November 24, 2003, the University leased the Property to Hajoca Associates, L.P. ("**Hajoca L.P.**").

3.      Pursuant to that certain Lease Agreement (the "**Original Lease**" and, as amended or otherwise modified, the "**Lease**") dated as of November 24, 2003, Hajoca L.P. leased a portion of the Property ("**Premises**") to Debtor Real Entertainment-Philadelphia, Inc. (n/k/a Real Entertainment-Philadelphia, LLC) ("**Real**") for an initial 15-year term.

4.      Hajoca L.P. and Real entered into a number of amendments to the Original Lease from 2007 to 2018, which modified the terms of the Original Lease with respect to minimum rent, rent increases, and the lease term.

5.      In 2019, Hajoca L.P. assigned all of its right, title and interest in the Original Lease to Hajoca. Following the assignment, Hajoca and Real entered into two additional amendments to the Original Lease which, *inter alia*, reaffirmed Real's obligations with respect to rent owed, extended the Initial Term to September 2029, and forgave a portion of the outstanding unpaid rent.

6.      Hajoca stopped receiving any rent in April 2022.

2

7. By letter dated July 3, 2025, Hajoca notified Real that it was in default under the Lease for failing to pay an amount of not less than $1,290,780.88 under the Lease, and directed Real to cure its default by July 15, 2025.

8. Hajoca did not receive any payment and terminated the Lease by letter dated July 22, 2025.

9. As of March 10, 2026 ("**Petition Date**"), Real owed Hajoca not less than $1,956,163.37 in unpaid rent.

10. The Debtors continue to occupy the Premises.

11. The Cash Collateral Motion seeks authority to use the Debtors' cash subject to liens asserted by third parties consistent with a budget attached to the Cash Collateral Motion for the period ending on March 31, 2026 ("**March Budget**").

12. The Debtors assert that their present cash flow is able to "support operations without additional cash infusions." Cash Collateral Motion ¶ 8. However, the March Budget does not contain any amount for payment of rent. The first payment of rent under the Lease is due April 1, 2026. The University Parties therefore specifically dispute the allegation in paragraph 8 of the Cash Collateral Motion to the extent it applies to operations beyond March 31, 2026.

13. The Debtors also make certain statements and allegations regarding the University Parties. *See, generally,* Cash Collateral Motion ¶ ¶ 13-15. The University Parties specifically dispute these allegations.

14. On March 16, 2026, the Court entered an interim order granting the Cash Collateral Motion ("**Interim Order**") [D.I. 30]. The Interim Order expressly authorizes the use of cash "through March 31, 2026, solely in accordance with the [March Budget]." *Id*. at ¶ 1.

3

15. A "Further Interim Hearing" has been scheduled for April 1, 2026. *Id*. at 6. The Interim Order states that "In the event no objections are filed or not advanced at such hearing, then this Order shall continue in full force and effect and shall be deemed a Final Order without further notice or hearing in accordance with the Federal Rule of Bankruptcy Procedures 4001(d)(3)." *Id*. at 6.

### LIMITED OBJECTION AND RESERVATION OF RIGHTS

16. The University Parties do not object to the Interim Order becoming a final order granting the Cash Collateral Motion. First, the Cash Collateral Motion is specifically limited to the Debtors' requested use of cash collateral through March 31, 2026, solely in accordance with the March Budget. Because rent first becomes due on April 1, 2026, the University Parties do not object to the cash expenditures through March 31, 2026 as authorized in the Interim Order and March Budget.

17. Second, while the University Parties dispute many of the Background paragraphs set forth in the Cash Collateral Motion, including but not limited to the allegations referenced above, the allegations regarding the Debtors' financial viability and the University Parties are not referenced in the Interim Order.

18. For the reasons above, to the extent a final order granting the Cash Collateral Motion deviates from the Interim Order, the University Parties object to entry of such final order.

19. In addition, the University Parties specifically reserve all rights with respect to Real's obligation to perform all post-petition obligations arising under the Lease (to the extent it was not terminated), including the payment of rent beginning April 1, 2026. *See* 11 U.S.C. §365(d)(3). In addition, the University Parties specifically reserve all rights with respect to the Debtors' obligation to adequately protect the University Parties' interest in the Property and

4

Premises, and the Court's obligation to prohibit and/or condition the Debtors' use and lease of the Premises. *See* 11 U.S.C. §363(e).

20. Further, the University Parties reserve all rights to assert a claim under 11 U.S.C. § 503(b)(1) with respect to any unpaid rent under the Lease throughout the pendency of the Debtors' bankruptcy cases, including for the period from the Petition Date through and including March 31, 2026. *See In re Goody's Family Clothing Inc.*, 610 F.3d 812, 818 (3d Cir. 2010) ("Landlords may assert a § 503(b)(1) claim for stub rent") (internal quotations omitted).

WHEREFORE, the University Parties reserve all rights, claims, defenses, and remedies, regarding any further use of cash collateral, the University Parties' rights to Real's performance of its obligations under the Lease, adequate protection of the University Parties' interest in the Premises and/or Property, and any other rights and remedies under the Bankruptcy Code and applicable law.

Dated: March 31, 2026          **FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Joseph N. Argentina, Jr.*
Joseph N. Argentina, Jr.
Sarah E. Silveira *admitted pro hac vice*
Edward J. DeLuca, III
One Logan Square, Suite 2000
Philadelphia, PA 19103
Telephone: (215) 988-2700
Facsimile: (215) 988-2767
joseph.argentina@faegredrinker.com
sarah.silveira@faegredrinker.com
edward.deluca@faegredrinker.com

*Counsel to The Trustees of the University of Pennsylvania and Hajoca 3025, Inc.*