## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *In re:* | : | |
| | : | **Chapter 11** |
| **LiveConnections.org d/b/a World Café Live,** | : | |
| | : | |
| Debtor. | : | **Case No. 26-10973** |
| **In re:** | : | |
| | : | **Chapter 11** |
| **Real Entertainment – Philadelphia, LLC,** | : | |
| | : | |
| Debtor. | : | **Case No. 26-10974** |

## MOTION OF THE DEBTORS AND DEBTORS-IN-POSSESSION FOR AN ORDER PURSUANT TO 11 U.S.C. § 364(b) AUTHORIZING JOSEPH CALLAHAN TO MAKE A LOAN TO THE DEBTORS AS AN UNSECURED ADMINISTRATIVE CLAIM

Real Entertainment – Philadelphia, LLC and LiveConnections.org d/b/a World Café Live (collectively, the "Debtors"), by and through proposed counsel, Ciardi Ciardi & Astin, hereby request an Order Pursuant to 11 U.S.C. § 364(b) authorizing Joseph Callahan to make a post-petition loan to the Debtors as an unsecured administrative claim (the "Motion"). In support thereof, the Debtors avers as follows:

### JURISDICTION

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are §§ 105 and 364 of the Bankruptcy Code.

### BACKGROUND

2.     On March 10, 2026 (the "Petition Date"), the Debtors filed separate, voluntary petitions for reorganization pursuant to title 11 of chapter 11 of the United

1

States Code, as Amended (the "Bankruptcy Code"). A motion for joint administration (the "Joint Admin. Motion") was also filed on the same date and a certificate of no objection to the Joint Admin. Motion was filed in both cases on March 30, 2026.

3. No trustee or examiner has been appointed in these Chapter 11 cases. As of the date of the filing of the Motion, no creditors' committee has been appointed in these Chapter 11 cases by the United States Trustee.

4. LiveConnections.org d/b/a World Café Live is a Pennsylvania not-for-profit corporation that operates World Café Live, a prominent nonprofit independent music venue, educational hub, and community space in Philadelphia, Pennsylvania. Real Entertainment – Philadelphia, LLC is a Pennsylvania not-for-profit limited liability corporation and is the wholly owned subsidiary of World Café Live.

5. The sole member of both Debtors is Joseph Callahan. The Debtors are under the same management and work in the same non-profit space to fund, maintain, and grow the World Café Live experience.

6. Since obtaining control of the Debtors in March 2025, Mr. Callahan and his philanthropic entity, the Bean Foundation ("Foundation"), have made grants of over $2,150,000 to the Debtors and have also made substantial changes to improve the cash flow and sustainability of the venue overall. In addition, there have been approximately $185,000 in loans made to the Debtors.

7. Since the Petition Date, the Debtors have encountered and are addressing several operational issues. First, Wells Fargo Bank, where the Debtors' receipts from their point of sale (POS) system ("Toast") are deposited, has frozen the Debtors' accounts and the Debtors do not currently have access to this revenue. Second, the Debtors are currently unable to make use of their liquor license as it has been placed in "safe

2

keeping" by the Commonwealth of Pennsylvania and are therefore unable to benefit from liquor sales. Finally, the Debtors are in the process of streamlining operations and cutting staff. While this move will ultimately benefit the Debtors' operations, eliminating roles and merging others takes time and support.

8.     Accordingly, the Debtor requests permission to receive a loan from Joseph Callahan, the sole member of both Debtors, for an amount up to $75,000.00 (the "Callahan Loan") to be utilized to help pay expenses as and when they become due. The Debtors will file a notice on the docket ("Notice of Funding") when it receives money from the Callahan Loan setting forth the amount of money received.

9.     As the Debtors address the operational issues detailed herein, it is projected that the Debtors' cash flow will even out once they have access to its Toast receipts, use of the liquor license, and have streamlined staffing.

10.     Once the Debtors confirm a plan of reorganization, the Debtors intend to repay Callahan. Accordingly, it is necessary for the Debtor to be authorized to receive a loan from Callahan as an unsecured administrative claim.

## THE BASIS FOR THE RELIEF REQUESTED AND THE REASONS THEREFOR

11.     Section 364(b) of the Bankruptcy Code provides, as follows:

(3) [t]he court, after notice and a hearing, may authorize the trustee to obtain unsecured credit to incur unsecured debt other than under subsection (a) of this section, allowable under section 503(b)(1) of this title as an administrative expense.

11 U.S.C. § 364 (b).

12.     Section 503(b)(1) of the Bankruptcy Code provides, in pertinent part

(b) [a]fter notice and a hearing, there shall be allowed administrative expense other than claims allowed under section 502(f) of this title . . ..

3

11 U.S.C. §503(b)(1).

13. As set forth above, the Debtors need time to address significant operational issues. Without the Callahan Loan, the Debtors will not be able to pay their expenses on a going forward basis.

14. Accordingly, the Debtors believe that the Callahan Loan is a necessary expense and should be treated as an administrative claim.

15. The Debtors request that, in order to address their immediate cash needs, they are authorized to receive the Callahan Loan as an unsecured administrative expense and to use the funds as needed.

## RESERVATION OF RIGHTS

16. Nothing contained herein is intended or should be construed as affecting the Debtors' rights under the Bankruptcy Code or applicable non-bankruptcy law. The Debtors expressly reserve, and does not waive, their rights under the Bankruptcy Code or any other applicable law.

## NO PRIOR REQUEST

17. No previous motion for the relief sought herein has been made to this or to any other Court.

## REQUEST FOR EXPEDITED CONSIDERATION

18. The Debtors request expedited treatment in connection with the Motion because they require the immediate use of the Callahan Loan to pay expenses on a going forward basis. Because of the urgency of the circumstances, the Debtors request a hearing on the Motion to be held at the Court's convenience but no later than

_____.

4

19.     As of the filing of this Motion, no trustee, examiner or creditor's committee has been appointed in the above-captioned Chapter 11 cases.  Notice of this Motion has been given to (i) the Office of the United States Trustee; (ii) Debtors' twenty (20) largest unsecured creditors; (iii) the Debtors' secured creditors; and (iv) any party who filed a notice of appearance and request for service of pleadings in this chapter 11 case pursuant to Bankruptcy Rule 2002, if any.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

20.     No previous request for the relief sought herein has been made to this or any other Court.

21.     Prior to filing this Motion, counsel for the Debtors contacted Counsel for the Office of the United States Trustee and Counsel for and/or representatives of the Lenders, as that term is defined in the Cash Collateral Motion, to advise them of the request for an expedited hearing and the relief requested therein.

**WHEREFORE**, the Debtors respectfully request the Court enter an order granting the Debtors the authority to receive a loan from Callahan as an unsecured administrative expense and granting such other and further relief as this Court deems just and proper.

**CIARDI CIARDI & ASTIN**

Date: April 2, 2025

By:     */s/ Albert A. Ciardi, III*
Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
1905 Spruce Street
Philadelphia, PA 19103
(T) 215-557-3550
(F) 215-557-3551
aciardi@ciardilaw.com
jcranston@ciardilw.com

Proposed Counsel for the Debtors