Albert A. Ciardi, III, Esquire
Jennifer Cranston McEntee, Esquire
CIARDI CIARDI & ASTIN
1905 Spruce Street,
Philadelphia, PA  19103
(215) 557-3550
Attorneys for the Debtor
aciardi@ciardilaw.com
jcranston@ciardilaw.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *In re:* | : | **Chapter 11** |
| | : | |
| **LiveConnections.org  d/b/a  World  Café Live,** | : | |
| | : | |
| Debtor. | : | **Bankruptcy No. 26-10973** |

| | | |
|---|---|---|
| | : | |
| *In re:* | : | **Chapter 11** |
| | : | |
| *Real Entertainment – Philadelphia, LLC,* | : | |
| | : | |
| *Debtor.* | : | |
| | : | **Bankruptcy No. 26-10974** |

### MOTION PURSUANT TO 11 U.S.C. § 364(C) FOR AUTHORITY
### TO ENTER INTO AN INSURANCE PREMIUM FINANCE AGREEMENT
### WITH AFCO CREDIT CORPORATION AND FOR EXPEDITED RELIEF

LiveConnections.org d/b/a World Café Live and Real Entertainment – Philadelphia LLC

(the "Debtors") by and through its undersigned counsel, hereby move this Court pursuant to 11

U.S.C. § 364(c)(1) and (c)(2) for authority (a) to enter into an insurance premium finance

agreement (the "Agreement") with AFCO Credit Corporation ("Premium Finance Company") and

incur indebtedness, (b) to grant Premium Finance Company a security interest in and lien upon all

unearned or returned premiums and related amounts which may become payable under the policies identified in the Agreement and a lien upon and security interest in loss payments but only to the extent such loss payments reduce the unearned premiums and subject only to any mortgage or loss payee interest pursuant to 11 U.S.C. § 364(c)(2), (c) to grant Premium Finance Company an administrative expense claim with priority over any and all administrative expenses of the kind specified in 11 U.S.C. § 503(b) or 507(b) pursuant to 11 U.S.C. § 364(c)(1), (d) to grant Premium Finance Company an administrative expense claim for any deficiency claim of Premium Finance Company that may remain in the event that Premium Finance Company must proceed against its collateral and the collateral is insufficient to pay all indebtedness owed to Premium Finance Company in full, pursuant to 11 U.S.C. § 364(c)(1) and (e) for expedited relief (the "Motion"). In support of its Motion, the Debtors state as follows:

1.      On March 10, 2026 (the "Petition Date"), the Debtors filed separate, voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Following the Petition Date, the Debtors have remained in possession of their respective businesses and assets and have continued to manage their business as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code in order to reorganize its operations.

2.      As of the date of the filing of the Motion, the Office of the United States Trustee has not appointed an Official Committee of Unsecured Creditors (the "Committee") and no trustee or examiner has been appointed in this matter.

3.      LiveConnections.org d/b/a World Café Live is a Pennsylvania not-for-profit corporation that operates World Café Live, a prominent nonprofit independent music venue, educational hub, and community space in Philadelphia, Pennsylvania. Real Entertainment –

Philadelphia, LLC is a Pennsylvania not-for-profit limited liability corporation and is the wholly owned subsidiary of World Café Live.

4.     The sole member of both Debtors is Joseph Callahan.  The Debtors are under the same management and work in the same non-profit space to fund, maintain, and grow the World Café Live experience.

5.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this case and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are Sections 105 and 364 of the Bankruptcy Code.

## BACKGROUND

6.     In the ordinary course of business, the Debtors must maintain various insurance policies in order to continue its winddown operations and secure its various properties.  The Debtors have been unable to pay in the ordinary course of business pursuant to 11 U.S.C. § 364(a), the premiums for the insurance policies identified in the agreement, and has been unable, after reasonable efforts, to obtain unsecured credit for such payment pursuant to 11 U.S.C. § 364(b).

7.     The Debtors engaged in discussions with various companies in the business of providing insurance premium financing and has determined that Premium Finance Company offers the most advantageous terms for such financing.  A copy of Debtors' Agreement attached hereto as **Exhibit A** and incorporated herein by this reference.

8.     The insurance policies identified in the Agreement (collectively, the "Insurance Policies") are crucial to the operation of the Debtors' business and cannot be obtained without the authorization requested herein.  Thus, the authorization sought herein is in the best interest of the estate and its creditors.

9.  The Agreement dated April 1, 2026 requires the Debtors to make a down payment in the amount of $11,129.25 and to make 11 monthly payments beginning May 1, 2026, each in the amount of $1,798.07. The down payment has been made by the Debtors as of the date of the filing of this Motion.  The annual percentage rate is 10.88 percent and the total amount financed under the Agreement is $32,562.74 with total payments under the Agreement of $34,360.81.

**RELIEF REQUESTED**

10.  The Agreement assigns and grants to Premium Finance Company a first priority and senior lien upon and security interest in any and all unearned or returned premiums which may become payable under the Insurance Policies.  Debtors request that Premium Finance Company's lien and security interest in such unearned premiums shall be senior to the rights of the Debtors' respective Estates in this and any subsequent proceeding under the Bankruptcy Code and to the rights of any person claiming a lien or security interest in any assets of the Debtors to the extent allowed by 11 U.S.C. § 364(c)(2).

11.  The Agreement also assigns and grants to Premium Finance Company a first priority senior lien upon and security interest in any loss payment under the Insurance Policies but only to the extent such loss payments would reduce the unearned premiums.  The Debtors request that Premium Finance Company's lien and security interests in such payments shall be senior to the rights of Debtors' respective estates in this or any subsequent proceeding under the Bankruptcy Code but shall be subject to the interest of any mortgagees or other payees.

12.  The Debtors request and the proposed order granting the Motion provides Premium Finance Company's liens and security interests shall be deemed duly perfected without further action by Premium Finance Company, which is consistent with applicable state law.

13.     In the event a default by one of the Debtors in making the monthly payments under the Agreement, but subject to ten days prior notice to Debtors and the Debtors' right to cure, the Agreement allows Premium Finance Company to cancel the Insurance Policies identified in the Agreement and apply to the Debtors' account the unearned or returned premiums; and, subject to the rights of loss payees, any loss payments which would reduce the unearned premiums.  The Debtors request that Premium Finance Company may exercise its rights under the Agreement in the event of any such default without moving for relief from the automatic stay of 11 U.S.C. § 362 and without further order of this Court.

14.     The Debtors further request that the Court grant Premium Finance Company (i) an administrative expense claim with priority over any and all administrative expenses of the kind specified in 11 U.S.C. § 503(b) or 507(b) pursuant to 11 U.S.C. § 364(c)(1), and (ii) an administrative expense claim for any deficiency claim of Premium Finance Company that may remain in the event that Premium Finance Company must proceed against its collateral and the collateral is insufficient to pay all indebtedness owed to Premium Finance Company in full, pursuant to 11 U.S.C. § 364(c)(1) and 503(b) as an expense necessary to preserve the estate.

15.     Premium Finance Company is extending financing under the Agreement in good faith within the meaning of 11 U.S.C. § 364(e).

16.     The Debtors submit the proposed Order attached hereto as **Exhibit B** (the "Order"), and the proposed Order sets forth the relief requested in this Motion.

### REQUEST FOR EXPEDITED RELIEF

17.     The Debtors request expedited treatment in connection with the Motion because they require the immediate ability to make the contemplated payments to the Premium Finance Company. Because of the urgency of the circumstances, the Debtors request a hearing on the

Motion to be held on April 8, 2026 at 1:30PM in conjunction with the hearing on the Debtors' continued use of cash collateral currently returnable on April 8, 2026 at 1:30PM.

19. As of the filing of this Motion, no trustee, examiner or creditor's committee has been appointed in the above-captioned Chapter 11 cases. Notice of this Motion has been given to (i) the Office of the United States Trustee; (ii) Debtors' twenty (20) largest unsecured creditors; (iii) the Debtors' secured creditors; and (iv) any party who filed a notice of appearance and request for service of pleadings in this chapter 11 case pursuant to Bankruptcy Rule 2002, if any. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

20. No previous request for the relief sought herein has been made to this or any other Court.

21. Prior to filing this Motion, counsel for the Debtors contacted Counsel for the Office of the United States Trustee and Counsel for and/or representatives of the Lenders, as that term is defined in the Cash Collateral Motion, to advise them of the request for an expedited hearing and the relief requested therein.

**WHEREFORE**, the Debtors pray that the Court enter an Order consistent with the Motion set forth above and in the form of Exhibit "B" hereto and grant such other and further relief as it may deem appropriate.

**CIARDI CIARDI & ASTIN**

Dated: April 1, 2026

By: */s/ Albert A. Ciardi, III*
Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
1905 Spruce Street
Philadelphia, PA 19103
aciardi@ciardilaw.com
jcranston@ciardilaw.com
*Attorneys for the Debtor and*
*Debtor-In-Possession*