**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| *In re:* | : | **Chapter 11** |
| | : | |
| **LiveConnections.org   d/b/a   World   Café Live,** | : | |
| | : | |
| | : | |
| Debtor. | | **Bankruptcy No. 26-10973** |

| | | |
|---|---|---|
| | : | |
| *In re:* | : | **Chapter 11** |
| | : | |
| *Real Entertainment – Philadelphia, LLC,* | : | |
| | : | |
| *Debtor.* | : | |
| | : | **Bankruptcy No. 26-10974** |

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO 11 U.S.C. § 364(C) FOR
AUTHORITY TO ENTER INTO AN INSURANCE PREMIUM FINANCE
AGREEMENT WITH AFCO CREDIT CORPORATION**

Having considered the Debtors' Motion Pursuant to 11 U.S.C. § 364(c) for Authority to

Enter Into an Insurance Premium Finance Agreement with AFCO Credit Corporation (the

"Motion")[1] and any opposition thereto, it is this 10th day of April            , 2026, hereby:

ORDERED, that the Motion is GRANTED; and it is further

ORDERED, that the Debtors are authorized to execute and to enter into the Agreement

with Premium Finance Company, and the Agreement is approved in all respects including the

power of attorney in favor of Premium Finance Company to cancel the Insurance Policies in an

event of default under the Agreement; and it is further

ORDERED, that the Debtors are authorized to obtain credit and incur debt (i) secured by

a first priority lien upon and security interest in the unearned insurance premiums or returned

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Motion.

premiums under the Insurance Policies identified in the Agreement pursuant to Section 364(c)(2) of the Bankruptcy Code which liens shall be deemed perfected without further action by Premium Finance Company or this Court, and (ii) with priority over any and all administrative expenses of the kind specified in section 503(b) or 507(b) of the Bankruptcy Code pursuant to Section 364(c)(1) of the Bankruptcy Code, provided that fees owed to the U.S. Trustee under 28 U.S.C. § 1930 are not subordinate to the first priority lien or security interest of Premium Finance Company. Premium Finance Company shall have a lien on any loss payment under the Insurance Policies only to the extent such loss payments would reduce the unearned premiums and which lien shall be subject and subordinate to any lien of the Delaware Valley Regional Economic Development Fund ; and it is further

ORDERED, that in the event of an uncured default by either of the Debtors under the Agreement, the automatic stay pursuant to 11 U.S.C. § 362(a) is hereby modified to permit Premium Finance Company to (i) cancel the Insurance Policies scheduled on the Agreement (as defined in the Motion) subject only to ten (10) days prior notice to the Debtors and the Delaware Valley Regional Economic Development Fund (attn: John Kilgannon, Esq. at john.kilgannon@stevenslee.com and a right to cure, (ii) recover and collect the unearned insurance premiums and fees related to the Insurance Policies from the insurance carriers, agents and brokers, and (iii) apply such unearned return premiums and fees to the outstanding indebtedness due and owing Premium Finance Company, including principal, interest, late fees, attorneys' fees, and costs as allowed by the Agreements and applicable law; and it is further

ORDERED, that to the extent a deficiency claim exists after application of any unearned premiums received by Premium Finance Company to obligation owed to it, such claim shall be

afforded administrative claim status pursuant to Sections 364(c)(1) and 503(b) of the Bankruptcy

Code as an actual and necessary expense of preserving the estate; and it is further

ORDERED, that Premium Finance Company has extended credit to the Debtors in good

faith and shall be entitled to the protections afforded by Section 364(e) of the Bankruptcy Code;

and it is further

ORDERED, that notwithstanding Fed. R. Bankr. P. 4001(a)(3) and 6004(h), the terms and

conditions of this Order are immediately effect and enforceable upon its entry; and it is further

ORDERED, that a final hearing on this matter shall be scheduled for May 21, 2026 at 10 a.m. by phone.

**BY THE COURT**

Honorable Ashely M. Chan
Chief United States Bankruptcy Judge