**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| *In re:* | : | **Chapter 11** |
| | : | |
| **LiveConnections.org d/b/a World Café Live,** | : | |
| | : | |
| **Debtor.** | : | **Bankruptcy No. 26-10973(AMC)** |
| *In re:* | : | **Chapter 11** |
| | : | |
| **Real Entertainment – Philadelphia, LLC,** | : | |
| | : | |
| **Debtor.** | : | |
| | : | **Bankruptcy No. 26-10974(AMC)** |

**MOTION OF REAL ENTERTAINMENT – PHILADELPHIA, LLC AND
LIVECONNECTIONS.ORG d/b/a WORLD CAFÉ LIVE TO EXTEND THE
AUTOMATIC STAY TO PENDING LITIGATION AGAINST NON-DEBTOR THIRD
PARTIES PURSUANT TO 11 U.S.C. § 362**

Real Entertainment – Philadelphia, LLC ("Real") and LiveConnections.org d/b/a World Café Live ("Live" and, together with Real, the "Debtors") hereby respectfully move (the "Motion") this Court for entry of an order extending the automatic stay pursuant to 11 U.S.C. § 362 to the non-debtor third parties involved in the matter of *Real et al. v. The Bean Foundation, No. 2:25-cv-06966-MAK* currently pending in the United States District Court for the Eastern District of Pennsylvania and such matter is stayed. In support of the Motion, the Debtors respectfully state as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Court has "exclusive jurisdiction…of all property, wherever located, of the debtor as of the commencement of [the bankruptcy] case, and of property of the estate." 28 U.S.C. § 1334(e)(1). The Debtors' business, cash from operations, and licenses to operate are property of the estate.

1

Actions to protect and administer that property are within this Court's jurisdiction. This Court also has "original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).  The relief the Debtors seek is pursuant to Bankruptcy Code sections 362 and 105(a) and thus arise under title 11.

2.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

3.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The relief requested herein is proper pursuant to Bankruptcy Code §§ 105(a) and 362.

## Background

5.      A complaint was filed in *Real et al. v. The Bean Foundation*, No. 2:25-cv-06966 (the "Litigation") on December 11, 2025.  A copy of the Amended Complaint is attached hereto as Exhibit 'A.'

6.      In the Litigation, plaintiffs Hal Real and Anne Sheppard [collectively, the "Real Plaintiffs"] aver their claims arise out of a purported agreement between the Real Plaintiffs and the defendant, The Bean Foundation Corporation ("Bean").  A copy of the  agreement is attached hereto as Exhibit B and referred to herein as the "Agreement".

7.      The Debtors are the only parties to that Agreement.

8.      The Agreement is signed by Hal Real in his capacity as CEO and President of Live.

9.      The obligations in the Agreement run from the Bean Foundation to Live, not to Plaintiff Hal Real.

2

10.     Bean agreed to cause Live to satisfy Bean's obligations to Wells Fargo, pay Bean's taxes and pay off certain credit cards.  While the Debtors admit that Hal Real is a co-obligor on certain of these debts, the obligation of Bean resides with Live.

11.     The Agreement includes an obligation of Live to provide an indemnity and requires Live to make certain payments.

12.     The Agreement further contemplates that Live remains liable for all of its debts.

13.     To the extend that there is a claim against Bean, such a claim is Live's as the sole counterparty to the Agreement.

14.     On March 10, 2026 (the "Petition Date"), the Debtors filed separate, voluntary chapter 11 bankruptcy petitions. Immediately following the Petition Date, the Debtors filed a joint suggestion of bankruptcy in the above-captioned matter advising the Plaintiff and the Defendant that the following bankruptcy cases were currently pending before the United States Bankruptcy Court for the Eastern District of Pennsylvania:

*In re Real Entertainment – Philadelphia, LLC (26-10974-AMC)*; and

*In re LiveConnections.org d/b/a World Café Live (26-10973-AMC).*

15.     Because the Debtors are the parties to the Agreement at issue in the Litigation, any interpretation of that Agreement could impact the contractual rights and obligations of the Debtors with regard to their debts and or claims and causes of action. For example, the Agreement purportedly releases the Real Plaintiffs from personal guarantees and liabilities owed to the Debtors. *See* Exh. A ¶¶ 12, 19.

16.     Moreover, the Agreement relates to change in control of the Debtors who are both non-profit entities. Any interpretation of the Agreement could impact whether the change in control was effective and could impact the Debtors' non-profit status.

3

17.     If this case is not stayed, either the United States District Court for the Eastern District of Pennsylvania or anther factfinder may need to decide whether these debts are still owed by Plaintiffs to the Debtors. Similarly, the Agreement purports to shift the responsibility of certain debts owed by the Debtors to Defendant. Exh. A ¶¶ 14, 21-22.

18.     Given the nature of and alleged parties to the Agreement, if the case is not stayed, either a Court or a factfinder will need to make determinations impacting the Debtors' rights and obligations.

19.     To the extent a claim exists against Bean, such a claim is an asset of Live and property of Live's estate.

## Relief Requested

20.     By this Motion, the Debtors seek the entry of an order, substantially in the form attached hereto as Exhibit 'C,' extending the automatic stay to *Real et al. v. The Bean Foundation*, and staying this matter until such time as a plan is confirmed in this case, or pursuant to further order of this Court, pursuant to Bankruptcy Code sections 362 and 105(a).

## Basis for Relief Requested

21.     Under Bankruptcy Code section 362(a), the commencement of a bankruptcy case operates as a stay to any action to obtain possession of property of a debtor's estate or to exercise control over the property of a debtor's estate. *See* 11 U.S.C. § 362(a)(3).

22.     The stay is broadly viewed as vital to facilitating a debtor's successful reorganization. *See, e.g., Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1203-04 (3d Cir. 1991).

4

23. Section 105(a) of the Bankruptcy Code authorizes this Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

24. Accordingly, the Court may take the steps which it deems necessary to aid its jurisdiction. *See, e.g., MacArthur Co. v. Johns-Manville Corp.*, 837 F.2d 89, 93 (2d. Cir. 1998); *United States v. Sutton*, 786 F.2d 1305, 1307 (5th Cir. 1986).

25. Third Circuit precedent is clear that after a debtor files a petition for relief under the Bankruptcy Code, a creditor loses its standing to assert an estate claim against a third party. *Bd. of Trs. of Teamsters Loc. 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 169 (3d Cir 2002). Only the trustee or a debtor-in-possession may properly pursue such estate claims. *In re Emoral, Inc.*, 740 F.3d 875, 879 (3d Cir. 2014).

26. The Third Circuit's decision in *In re Emoral* sets forth the test to determine whether a cause of action is property of the estate: (a) "the claim [must have] existed at the commencement of the filing and the debtor could have asserted the claim on its own behalf under state law," and (b) the claim is "a general one, with no particularized injury arising from it." *In re Emoral, Inc.* 740 F.3d 875, 879 (3d. Cir. 2014) (internal quotations omitted).

27. With respect to the second prong, the Third Circuit explained that a a claim is general, such that it belongs to the estate, when "the facts giving rise to the cause of action [are] . . . common to all creditors," and recovery on the claim "would benefit the creditors . . . generally." *Id.* at 878

28. "Whether a claim against a third party is general turns on whether the basis for liability is 'unique to a particular creditor or applies equally al all creditors." *In re Aliera Cos.,*

No. 21-1101 (TMH), 21-11548 (TMH) (Bankr. Del. July 24, 2025) (*citing In re TPC Group, Inc.*, No. 22-10493, 2023 WL 2168045, at *6 (Bankr. D. Del. Feb. 22, 2023)).

29. "The generality or specificity of a claim is 'not tied to the harm done to the creditor by the debtor' but instead is 'based on an injury to the debtor's estate the creates a secondary harm to all creditors regardless of the nature of their underlying claims against the debtor.'" *Id.* (citing *In re Wilton Armetale, Inc.*, 968 F.3d 273, 282-283 (3d Cir 2020)) (internal quotations omitted)).

30. Under Third Circuit precedent, the Real Plaintiffs' claims against the Bean are generalized claims belonging to the Live estate, as any benefits from recovering on the claim would inure to all the creditors or are in facts claims of Live against Bean.

31. Allowing the Litigation to proceed would hinder the Debtors' ability to successfully reorganize as it would permit another court or factfinder to make findings impacting the obligations, rights, and claims properly belonging to the Live estate, independent of the Debtors' present reorganization efforts and allow a non-debtor to pursue a claim of Live.

32. The Debtors' ability to successfully emerge from bankruptcy is contingent on the Debtors' ability to assert and defend their own contractual rights, and accurately evaluate the Estates' obligations, as they prepare a plan of reorganization.

33. Extending the automatic stay is necessary to prevent the Debtors from being unduly prejudiced by a separate court's determinations, potentially altering the rights and obligations of the Debtors, under the Agreement.

34. Additionally, as noted above, if the Litigation is allowed to proceed, another tribunal would be permitted to interpret the Agreement in ways that could impact whether the Real Plaintiffs' change of control was effective or the Debtors' non-profit status and allow a non-debtor to control property of the Live Estate.

6

35. Litigating these matters, while the Debtors are in the midst of bankruptcy, would significantly hinder the Debtors' ability to develop and implement a successful plan of reorganization.

36. The creditors to the Debtors' Estates will not be prejudiced by the extension of the automatic stay, as such a stay prevents the exercise of a claim which properly belongs to the Live Estate.

**WHREEFORE,** the Debtors respectfully request that this Honorable Court enter an Order (i) granting the relief requested herein and (ii) granting such other and further relief as it deems just and appropriate.

**Respectfully Submitted,**

**Dated:** April 13, 2026          **CIARDI CIARDI & ASTIN**

Albert A. Ciardi, III, Esquire
Jennfier C. McEntee, Esquire
Sarah A. Moynihan, Esquire
1905 Spruce Street
Philadelphia, PA 19103

*Counsel for the Debtors*