## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *In re:* | : | **Chapter 11** |
| | : | |
| **LIVECONNECTIONS.ORG** | : | **Case No. 26-10973(AMC)** |
| **d/b/a WORLD CAFÉ LIVE,** | : | |
| | : | **Jointly Administered with** |
| **Debtor** | : | **Case No. 26-10974(AMC)** |

## MOTION OF THE DEBTORS AND DEBTORS-IN-POSSESSION FOR AN ORDER PURSUANT TO 11 U.S.C. § 105 (I) AUTHORIZING THE DEBTORS' USE OF THE DEBTORS' LIQUOR LICENSE, (II) PROVIDING FOR AN EXPEDITED HEARING, REDUCED NOTICE PERIOD AND LIMITED NOTICE PURSUANT TO FEDERAL RULE OFBANKRUPTCY PROCEDURE 9006(C)(1) AND E.D. PA. L.B.R. 5070(F) AND FOR (III) RELATED RELIEF

LiveConnections.org d/b/a World Café Live ("World Café Live") and Real Entertainment – Philadelphia, LLC ("REP LLC" and, collectively, the "Debtors") by and through proposed counsel, Ciardi Ciardi & Astin, hereby request an order granting authority to (I) use the Debtors' Liquor License, (II) conduct an Expedited Hearing, Reduced Notice Period and Limited Notice Pursuant to Federal Rule of Bankruptcy Procedure 9006(c)(1) And E.D. Pa. L.B.R. 5070(f), and providing for (III) Related Relief (the "Motion") and in support thereof, respectfully represent:

### JURISDICTION

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue of this case is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

### BACKGROUND

2. On March 10, 2026 (the "Petition Date"), the Debtors filed separate, voluntary petitions for reorganization pursuant to title 11 of chapter 11 of the United States Code, as

1

Amended (the "Bankruptcy Code"). A motion for joint administration (the "Joint Admin. Motion") was also filed on the same date.

3.      No trustee or examiner has been appointed in these Chapter 11 cases.  As of today's date, no creditors' committee has been appointed in these Chapter 11 cases by the United States Trustee.

4.      As of the Petition Date, LiveConnections.org d/b/a World Café Live ("World Café Live") has Eighty-Six (86) employees, including sales, box office, management, and service professionals among others, and pays approximately $45,000 in gross payroll per bi-weekly pay period.

5.      LiveConnections.org d/b/a World Café Live is a Pennsylvania not-for-profit corporation that operates World Café Live, a prominent nonprofit independent music venue, educational hub, and community space in Philadelphia, Pennsylvania.  Real Entertainment – Philadelphia, LLC is a Pennsylvania not-for-profit limited liability corporation and is the wholly owned subsidiary of World Café Live.

6.      The sole member of both Debtors is Joseph Callahan.  The Debtors are under the same management and work in the same non-profit space to fund, maintain, and grow the World Café Live experience.

7.      Since obtaining control of the Debtors in March 2025, Mr. Callahan and his philanthropic entity, the Bean Foundation ("Foundation"), have made grants of over $2,150,000 to the Debtors and have also made substantial changes to improve the cash flow and sustainability of the venue overall.  In addition, there have been approximately $185,000 in loans made to the Debtors.

8.      On April 13, 2026, the Bankruptcy Court entered an order jointly administering the Debtors' chapter 11 cases under the LiveConnections.org d/b/a World Café Live caption and docket. *See* Docket No. 79.

9.      LID No. 52424 (the "Liquor License") in the name of Real Entertainment – Philadelphia, Inc. was placed in safekeeping on November 1, 2025 by the Pennsylvania Liquor Control Board ("PLCB") and remains there today because of the Debtors' chapter 11 bankruptcy filings. *See* April 3, 2026 PLCB Letter attached hereto as **Exhibit A**.

10.      Since the Petition Date and as discussed at the third interim hearing on the Debtors' continued use of cash collateral, the Debtors have been working with the PLCB to address the documents and fees needed to have the Liquor License removed from safekeeping. Specifically, the Debtors have filed the appropriate renewal and validation applications and kept the Liquor License current. *Id.*

11.      On April 13, 2026, the Debtors were advised by the PLCB that, "…in order to process the release of the license from safekeeping, documentation from the Bankruptcy Court must be provided as indicated in our letter of April 3, 2026." *See* April 13, 2026 PLCB email attached hereto as **Exhibit B**; *see also* **Exhibit A**.

12.      The Debtors have previously provided the PLCB with copies of the first three interim cash collateral orders in an attempt to assuage the PLCB's concerns about the continued operations and use of cash going forward.  However, the PLCB declined to accept these orders as proof of authorization to use the Liquor License, specifically.

13. Therefore the Debtors file the Motion to request the Court enter an order authorizing the Debtors to use the Liquor License in the ordinary course of their business as is contemplated and already approved by the Debtors' current (Third Interim) cash collateral order.

## RELIEF REQUESTED

14. The Debtors require the use of the Liquor License in order to operate their business to the fullest extent possible and return revenues to what they were pre-petition and what they are projected to be immediately following authorization to return to liquor sales.

15. The Debtors also host many private events and this revenue stream has been entirely cut off by the PLCB's refusal to release the Liquor License from safekeeping absent a Court Order.

16. Section 105(a) provides,

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

*See* 11 U.S.C. § 105(a).

17. Because the Debtors' use of cash collateral incorporates the resumption in use of the Liquor License and because the Debtors' revenue is unnecessarily affected by the PLCB's decline to accept existing cash collateral orders as proof of authority to operate, the Debtors request the Bankruptcy Court provide explicit direction that the Debtors are authorized not only to operate and continue to use cash but also to sell liquor and use the Liquor License in the ordinary course of business.

4

## REQUEST FOR EXPEDITED CONSIDERATION

18.     The Debtors request expedited treatment in connection with the Motion because they require the immediate use of the Liquor License to drive up sales, marketing of events, ticket sales, private events and to overall increase revenue immediately.  Moreover, WXPN is set to host a large and important event at the venue on April 23, 2026 and the ability to operate at 100% for such an event is critical to the Debtors' future.  Because the PLCB must do an on-site inspection after receipt of an order authorizing the use of the License, the Debtors request a hearing on the Motion to be held at the Court's convenience but no later than April 17, 2026.

19.     As of the filing of this Motion, no trustee, examiner or creditor's committee has been appointed in the above-captioned Chapter 11 cases.  Notice of this Motion has been given via facsimile or electronic mail to the Office of the United States Trustee and counsel for and/or representatives of the PLCB as well as the Lenders1 and the Taxing Authorities.  The Debtors submit that no other notice need be given in light of the exigencies of the circumstances and the irreparable harm to the Debtors, their estates and all parties in interest that would ensue if the relief requested herein is not granted.

20.     No previous request for the relief sought herein has been made to this or any other Court.

21.     Prior to filing this Motion, counsel for the Debtors contacted Counsel for the Office of the United States Trustee and Counsel for and/or representatives of the PLCB to advise them of the request for an expedited hearing and the relief requested therein.

---

1 All capitalized, yet undefined, terms herein have the meaning ascribed to them in the Cash Collateral Motion and Third Interim Cash Collateral Orders.

5

**WHEREFORE**, the Debtors respectfully request that this Court enter an Order in the

form attached hereto and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**CIARDI CIARDI & ASTIN**

*/s/ Albert A. Ciardi, III*
Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
1905 Spruce Street
Philadelphia, PA  19103
Telephone: (215) 557-3550
Facsimile: (215) 557-3551

*Counsel for the Debtor*

Dated:   April 14, 2026