## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *In re:* | : | **Chapter 11** |
| | : | |
| **LiveConnections.org d/b/a World Café Live,** | : | |
| | : | |
| **Debtor.** | : | **Bankruptcy No. 26-10973(AMC)** |
| *In re:* | : | **Chapter 11** |
| | : | |
| **Real Entertainment – Philadelphia, LLC,** | : | |
| | : | |
| **Debtor.** | : | |
| | : | **Bankruptcy No. 26-10974(AMC)** |

## FOURTH INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL

This matter is before the Court on the motion of LiveConnections.org d/b/a World Café Live and Real Entertainment – Philadelphia, LLC (the "Debtors") for authority to use cash collateral and pay prepetition employment obligations on an interim basis pursuant to Bankruptcy Rule 4001(b) and 11 U.S.C. §363(c)(2)(B) (the "Motion"). Notice of the motion together with notice of the interim hearing thereon has been given and served by the Debtors to (1) Counsel for the Office of the United States Trustee, (2) Counsel for or Representative of the Lenders and the Taxing Authorities, (3) The Debtors' Top Twenty Unsecured Creditors, and (4) the Rule 2002 list of creditors. The Court, having considered the motion and any objections thereto, and after due deliberation and good and sufficient cause appearing for the entry of the within order, it is hereby found:

A. **Notice and Hearing**. Notice of the motion pursuant to Federal Rule of Bankruptcy Procedure 9006(c) for the preliminary hearing on the Debtors' use of cash collateral has been served in accordance with Section 102(1) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b), or if by Consent, under Federal Rule of Bankruptcy Procedure

- 1 -

4001(d) which notice is appropriate in the particular circumstances and is sufficient for all purposes under the Bankruptcy Code and the applicable Bankruptcy Rules in respect to the relief requested.

B.      **Chapter 11 Filed**. The Debtors filed separate, voluntary petitions under Chapter 11 of the Bankruptcy Code on March 10, 2026 (the "Petition Date") and are presently operating as debtors-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

C.      **Cash Collateral**. "Cash Collateral" as defined by Section 363(a) of the Bankruptcy Code includes post-petition proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in Section 552(b) and as the term "proceeds" is described in UCC Sections 9-102 and 9-315.

(i)      **The Carve Out**. As used in this interim order, "Carve Out" means, without duplication, the sum of: (a) all fees of the Debtors to be paid to the Clerk of the Court and to the Office of the United States Trustee under section 1930(a) of title 28 of the United States Code and (b) Avoidance Actions in that, notwithstanding anything to the contrary contained in this interim order, the liens granted herein shall not attach to Avoidance Actions, including any claims arising under chapter 5 of the Bankruptcy Code; provided, however, that the liens granted herein may attach to the proceeds of Avoidance Actions to the extent provided in any Final Order entered by the Court.

D.      **Necessity and Best Interest**. The Debtors do not have sufficient unencumbered cash or other assets with which to continue to operate their business in Chapter 11. The Debtors require immediate authority to use cash collateral as defined herein in order to continue their business operations without interruption toward the objective of formulating an effective plan of reorganization. Debtors' use of cash collateral to the extent and on the terms and conditions set

- 2 -

forth herein is necessary to avoid immediate and irreparable harm to the estate pending a final hearing. The amount of cash collateral authorized to be used pending a final hearing or entry of a final order is not to exceed the amounts reflected in the Debtors' budget, annexed hereto as Exhibit "A", for the time period from June 1, 2026 through August 31, 2026 (the "Budget").

F.      **Purposes**. The Debtors are authorized to use cash collateral as indicated in the budget. The Court having been informed that the parties have indicated consent hereto, and for good cause shown,

IT IS on this __ day of May 2026,

ORDERED as follows:

1.      **Use of Cash Collateral**. The Debtors are authorized to use cash collateral through August 31, 2026, solely in accordance with the Cash Collateral Budget attached hereto as Exhibit "A" and subject to compliance with the further terms and provisions of this Order.

2.      **Adequate Protection**. As adequate protection for use of cash collateral, the Lenders and Taxing Authorities are GRANTED:

a.      **Replacement Lien**. A replacement perfected security interest under Section 361(2) of the Bankruptcy Code to the extent the Lenders' Taxing Authorities' cash collateral is used by the Debtors, to the extent and validity and with the same priority in the Debtors' post-petition collateral, and proceeds thereof, that the Lenders and Non-Traditional Lenders held in the Debtors' pre-petition collateral, subject to the Carve Out and, specifically, payments due to the Office of the United States Trustee under 28 U.S.C. § 1930(a)(6). To the extent any other creditor holds or asserts a lien position in cash collateral, such creditor shall receive a replacement lien to the same extent, priority and validity as it existed pre-petition.

- 3 -

b.      **Statutory Rights Under Section 507(b)**. To the extent the adequate protection provided for hereby proves insufficient to protect the Lenders' and Taxing Authorities' interests in and to the cash collateral, subject to the Carve Out, they shall have a super-priority administrative expense claim, pursuant to Section 507(b) of the Bankruptcy Code, senior to any and all claims against the Debtors under Section 507(a) of the Bankruptcy Code, whether in this proceeding or in any superseding proceeding, subject to payments due under 28 U.S.C. § 1930(a)(6).

c.      **Deemed Perfected**. The replacement liens and security interests granted herein are automatically deemed perfected upon entry of this Order without the necessity of the Lenders and Taxing Authorities taking possession, filing financing statements, mortgages or other documents.

3.      **Creditors' Rights of Inspection and Audit**. Upon reasonable notice by the Lenders, Taxing Authorities, or the Official Committee of Unsecured Creditors, should one be appointed, Debtors shall permit such party and any of its agents reasonable and free access to the Debtors' records and place of business during normal business hours to verify the existence, condition and location of Collateral in which said creditor holds a security interest and to audit Debtors' cash receipts and disbursements. At any reasonable time, Debtors shall permit the Lenders or Taxing Authorities and any of their agents access to inspect the Collateral.

In addition:

(a) the Debtors are required to provide the Lenders and Taxing Authorities and the Office of the U.S. Trustee with reasonable access to its financial books and records consistent with the financial covenants of the Letter Agreement;

(b) the Debtors shall supply documentation on a reasonable basis demonstrating that the Collateral is adequately insured identifying the DVREDF or PIDC, as their interests may appear, as a lender's loss payee;

-4-

(c) if the Debtors intend to deviate from the Budget, such variance should remain within 5 percent (5%) of each budgeted category; and

(d) the Debtors shall provide a monthly report comparing actual revenues and expenses with budgeted revenues and expenses for the same period and disclose any variance.

4.      **Interlocutory Order and No Modification of Creditors' Adequate Protection**. This is an interlocutory order.  Nothing contained herein shall be deemed or construed to (a) limit the The Trustees of the University of Pennsylvania and Hajoca 3025, Inc. (collectively, the **"University Parties"**), Lenders and Taxing Authorities to the relief granted herein; or (b) bar the University Parties, Lenders and Taxing Authorities from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to the Debtors and other parties-in-interest entitled to notice of same.  The Order may be modified for cause shown by the Debtors, the University Parties, Lenders and Taxing Authorities, or any other party-in-interest on due notice.  No such modification, however, shall deprive University Parties, Lenders and Taxing Authorities of their respective interests in Debtors' property.  The University Parties, Debtors, Lenders, and Taxing Authorities reserve all rights, claims, and defenses. Nothing herein shall be deemed (a) a finding of fact or conclusion of law with respect to the University Parties' conduct, or (b) a waiver, consent, or agreement to forbear by the University Parties of any right or remedy.

## FURTHER INTERIM HEARING ORDER

IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN

That any creditor or other interested party having any objection to this Interim Order shall file with the Clerk of this Court and serve upon counsel for the Debtors on or before the ___ day of August, 2026, at 5:00 p.m., a written objection and shall appear to advocate said objection at a Further Interim Hearing to be held telephonically at 11:00 a.m. on the 19th day of August, 2026 using the following dial-in information:

**Please dial 646-828-7666 and enter meeting ID 160 6807 8081 to attend.**

In the event no objections are filed or not advocated at such hearing, then this Order shall continue in full force and effect and shall be deemed a Final Order without further notice or hearing in accordance with Federal Rules of Bankruptcy Procedure 4001(d)(3).

## NOTICE ORDER

IT IS FURTHER ORDERED that the Debtors serve a copy of this Order and Notice by electronic mail within one (1) business day from the date hereof, on the following: (1) the United States Trustee, (2) Counsel for or a representative of the Lenders and the Taxing Authorities, and (3) any other interested party. Debtors shall immediately file with the Clerk a Certificate of Service of said mailing.

BY THE COURT:

_____
Honorable Ashely M. Chan
Chief United States Bankruptcy Judge

- 6 -

# EXHIBIT A

May Budget (Projected)

**Revenue**

| | |
|---|---|
| eTix (Ticketing) | $42,363.00 |
| Private Events | $6,000.00 |
| Toast (Food & Beverage) | $56,765.00 |
| **Gross Revenue** | **$105,128.00** |

**Expenses**

| | |
|---|---|
| Payroll | $47,117.32 |
| Payroll Taxes | $16,687.56 |
| Payroll Fees | $334.10 |
| Officer Comp | $6,000.00 |
| Insurance | $6,946.71 |
| Internet & Hosting | $253.40 |
| Music Equipment & Rentals | $625.00 |
| Office Supplies | $212.18 |
| Artist Settlements | $29,654.10 |
| Cintas (Linens) | $4,648.14 |
| EcoLab (Kitchen Equipment) | $2,950.20 |
| Liquor, Beer, Wine | $11,343.36 |
| SYSCO (Food) | $5,986.15 |
| University City Associates (Power) | $8,615.51 |
| Toast POS Fees | $835.60 |
| Waste Management | $2,086.78 |
| **TOTAL** | **$144,296.11** |

| | |
|---|---|
| **Net Revenue** | -$39,168.11 |

June Budget (Projected)

| **Revenue** | |
|---|---|
| eTix (Ticketing) | $62,500.00 |
| Private Events | $6,000.00 |
| Toast (Food & Beverage) | $83,747.00 |
| **Gross Revenue** | $152,247.00 |

| **Expenses** | |
|---|---|
| Payroll | $55,000.00 |
| Payroll Taxes | $19,250.00 |
| Payroll Fees | $371.25 |
| Officer Comp | $6,000.00 |
| Insurance | $6,946.71 |
| Internet & Hosting | $253.40 |
| Office Supplies | $212.18 |
| Artist Settlements | $43,750.00 |
| Cintas (Linens) | $1,110.38 |
| EcoLab (Kitchen Equipment) | $315.00 |
| Liquor, Beer, Wine | $11,343.36 |
| SYSCO (Food) | $5,986.15 |
| University City Associates (Power) | $12,179.76 |
| Toast POS Fees | $1,256.21 |
| City of Philadelphia (Taxes) | $7,312.35 |
| Waste Management | $2,296.39 |
| **TOTAL** | $173,583.14 |

| **Net Revenue** | -$21,336.14 |
|---|---|

July Budget (Projected)

**Revenue**

| | |
|---|---|
| eTix (Ticketing) | $70,000.00 |
| Private Events | $18,000.00 |
| Toast (Food & Beverage) | $93,100.00 |
| **Gross Revenue** | **$181,100.00** |

**Expenses**

| | |
|---|---|
| Payroll | $60,000.00 |
| Payroll Taxes | $21,000.00 |
| Payroll Fees | $405.00 |
| Officer Comp | $6,000.00 |
| Insurance | $6,946.71 |
| Internet & Hosting | $253.40 |
| Office Supplies | $212.18 |
| Artist Settlements | $49,000.00 |
| Cintas (Linens) | $1,110.38 |
| EcoLab (Kitchen Equipment) | $315.00 |
| Liquor, Beer, Wine | $11,343.36 |
| SYSCO (Food) | $5,986.15 |
| University City Associates (Power) | $14,488.00 |
| Toast POS Fees | $1,396.50 |
| City of Philadelphia (Taxes) | $8,155.00 |
| Waste Management | $2,296.39 |
| **TOTAL** | **$188,908.07** |

**Net Revenue** -$7,808.07

August Budget (Projected)

**Revenue**

| | |
|---|---|
| eTix (Ticketing) | $82,056.93 |
| Private Events | $25,000.00 |
| Toast (Food & Beverage) | $99,922.00 |
| **Gross Revenue** | **$206,978.93** |

**Expenses**

| | |
|---|---|
| Payroll | $62,500.00 |
| Payroll Taxes | $21,875.00 |
| Payroll Fees | $421.88 |
| Officer Comp | $6,000.00 |
| Insurance | $6,946.71 |
| Internet & Hosting | $253.40 |
| Office Supplies | $212.18 |
| Artist Settlements | $53,337.00 |
| Cintas (Linens) | $1,110.38 |
| EcoLab (Kitchen Equipment) | $315.00 |
| Liquor, Beer, Wine | $14,988.30 |
| SYSCO (Food) | $9,992.20 |
| University City Associates (Power) | $16,558.31 |
| Toast POS Fees | $1,498.83 |
| City of Philadelphia (Taxes) | $9,098.95 |
| Waste Management | $1,200.00 |
| **TOTAL** | **$206,308.14** |

**Net Revenue**          $670.79